UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA L. STEAD,

          Plaintiff,

v.                                                        Case No. 13-1378-DDC

UNIFIED SCHOOL DISTRICT #259
*Wichita Public Schools*, SEDGWICK
COUNTY, KANSAS and
JOHN ALLISON,

          Defendants.

## ORDER

This action arises from the resignation of plaintiff, Pamela L. Stead, as principal of Enterprise Elementary School, following an investigation of her school's testing procedures. Plaintiff brings contract, tort, and constitutional claims against defendants, Unified School District No. 259 and John Allison, the District's superintendent, asking for lost wages, benefits, retirement pay and damages due to emotional distress, physical and mental injuries, pain, and suffering.[1] This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendants' motion to compel (**ECF doc. 59**).

---

[1] *See* ECF doc. 1-1—plaintiff alleges claims for defamation (libel and slander), invasion of privacy – false light, negligence, breach of contract, violations of good faith and fair dealing, intentional interference with contract and prospective business advantage, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud/fraud in the inducement, negligent misrepresentation, constitutional violations of plaintiff's due process rights, violations of 42 U.S.C. § 1983.

Specifically, defendants move to compel plaintiff to produce tax records and supplement certain discovery responses. For the reasons discussed below, plaintiff's motion is granted in part and denied in part.

## I. Tax Returns

On April 23, 2014, defendants served their second request for production of documents, asking for "[c]omplete copies of Plaintiff's tax returns for the years of 2011, 2012, and 2013."[2] On May 28, 2014, plaintiff objected to this request as overly broad and seeking information that may be readily obtained through other sources.[3] In support of her response, plaintiff cited two District of Kansas cases, stating that the law disfavors the disclosure of tax returns unless they are relevant to the litigation and the information contained therein is not readily obtained from other sources.[4] In response to the instant motion, plaintiff argues that defendants have not responded to the "case law provided by plaintiff … holding that tax returns are not discoverable where the information sought is available through less obtrusive means."[5]

---

[2] ECF doc. 61-8.

[3] ECF doc. 61-11.

[4] *Id.* (citing *Kelling v. Bridgestone/Firestone, Inc.*, 157 F.R.D. 496 (D. Kan. 1994); *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997)).

[5] ECF doc. 67 (citing *Kelling*, 157 F.R.D. at 496; *Hilt*, 170 F.R.D. at 182).

As a general rule, courts do not favor compelling production of tax returns.[6] However, no absolute privilege exists preventing their discovery.[7] This district has developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[8] "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[9] "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[10]

Plaintiff relies on *Hilt* and *Kelling* to withhold the requested tax records. In *Hilt*, the court applied the two-pronged test and found that tax returns *were* relevant to the issue of damages because the plaintiff in that case sought economic losses—front and back pay.[11] Although the plaintiff had already produced a redacted tax return which

---

[6] *Johnson v. Kraft Foods, N. Amer., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006) (citing *Hilt*, 170 F.R.D. at 188-189).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] 170 F.R.D. at 189.

"adequately reveal[ed] her income", the court ordered her to produce an unredacted tax return for inspection by defense counsel for the purpose of the lawsuit.[12] In *Kelling*, the court recognized that the party resisting disclosure should bear the burden of establishing alternative sources for the information.[13] The resisting party stated in his deposition that he had no written records concerning the relevant information.[14] Based in part on the foregoing, the court ordered production since the "party resisting disclosure" had not set forth an alternative source for the tax return information.[15]

As cited by both parties, in *Johnson*, the court applied the two-pronged test and held that "[t]o the extent the tax return in this case reveals Plaintiff's income, Defendants have satisfied the first prong of the test by showing Plaintiff's return is relevant to the issue of damages. Plaintiff claims economic losses. He seeks back and front pay. He has put his income at issue."[16] Because the plaintiff failed to provide sufficient evidence to establish that the information found in the returns was readily available from other sources, the court ordered the plaintiff to produce tax returns consistent with the defendants' request for production.[17] Additionally, the court prohibited redaction of any

---

[12] *Id.*

[13] 157 F.R.D. at 498 (citations omitted).

[14] *Id.*

[15] *Id.*

[16] 236 F.R.D. at 539.

[17] *Id.*

information evidencing income from any source before and after separation of employment, but allowed redaction of information that relates solely to the plaintiff's spouse or dependents because there was no showing that this information was relevant.[18]

Here, defendants assert plaintiff's tax returns for 2011-2013 are relevant to the issue of damages because plaintiff is seeking lost wages. Defendants argue that they do not know where plaintiff was employed during the fall of 2012 until the fall of 2013 except for what plaintiff testified to during her deposition. Defendants insist that they need this income information to properly defend against plaintiff's claim for lost wages.

In response, plaintiff asserts that she was questioned at length during her deposition about every source of income she has received since her termination. Plaintiff believes that defendants have obtained complete information about plaintiff's lost income through the service of an "Order for Records" on plaintiff's current employer and other school districts. Further, plaintiff asserts that *Johnson* "holds that only tax returns for the period after termination could hold any possible relevance."[19] Thus, plaintiff argues plaintiff's 2011 tax return information is irrelevant as she was terminated in April 2012. Plaintiff states, "[a]s noted in Johnson, defendants are free to question plaintiff or request other categories of relevant documents via other discovery methods regarding other

---

[18] *Id.* at 539-40.

[19] ECF doc. 67 at 3.

sources of income and the amounts thereof."[20]  The court does not read *Johnson* to support plaintiff's argument and plaintiff provides no pin cite or citation other than a reference to "Johnson" in support of her argument.  Nonetheless, plaintiff relies, in part, on the foregoing to persuade the court to deny defendants' motion to compel.

Like *Johnson*, plaintiff has put her income at issue by claiming she has suffered economic losses and requesting lost wages.  As such, plaintiff's tax returns are relevant to the issue of damages.  Because plaintiff resigned on or around April 30, 2012,[21] plaintiff argues her *2011* tax return is completely irrelevant to the issue of damages.  Plaintiff also asserts that information regarding her husband's income is irrelevant.  Defendants fail to explain why plaintiff's husband's income or plaintiff's income for the year preceding her termination is relevant and it is defendants' burden to show the requested tax returns are relevant.  In consideration of the foregoing, the court finds that only plaintiff's tax returns for 2012 and 2013 are relevant to the subject matter of this litigation.

As to the second prong of the test, plaintiff mistakenly argues that "Defendants have not met their burden of showing the information sought cannot be readily obtained from other sources."[22]  It is plaintiff's burden, as the party resisting discovery, to show that this income information is readily available from other sources.  The court finds that plaintiff has not provided sufficient evidence to meet that burden.

---

[20] *Id.*

[21] ECF doc. 1-1, ¶34.

[22] ECF doc. 67 at 3.

Plaintiff asserts that she was questioned at length during her deposition about every source of income she has received since her termination. Plaintiff also states that "[u]pon information and belief," defendants have obtained complete information about plaintiff's lost income through the service of an "Order for Records" on plaintiff's current employer and other school districts.[23] However, plaintiff does not indicate whether defendants have actually received these records, nor does plaintiff specifically describe what information the records contain. Plaintiff put her income at issue, defendants have shown this information is relevant, and plaintiff has failed to show defendants have any other way of verifying plaintiff's income information for 2012- 2013 other than her tax returns. Therefore, plaintiff shall provide her tax returns for 2012- 2013, but may redact any information that relates *solely* to her spouse or dependents.

## II.     Supplementation of Rule 26 Disclosures and Interrogatory No. 23

Defendant asserts that plaintiff has failed to properly supplement her Rule 26(a) disclosures because she has not provided the telephone number and address of all listed witnesses, nor has she disclosed the nature of the testimony of her witnesses. Defendants ask that plaintiff "be compelled to correct her improper Rule 26(e) supplementation *or* her witnesses whom she has not provided the proper information for according to Rule 26 should be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1)."[24]

---

[23] *Id.*

[24] ECF doc. 60 at 10.

O:\ORDERS\13-1378-DDC-59.docx

7

Plaintiff responds that she has supplemented her Rule 26(a)(1) disclosures as of the filing of this response—June 16, 2014. Furthermore, plaintiff explains that she provided telephone numbers for all 164 witnesses but did not have addresses for all of the witnesses. Plaintiff asserts that defense counsel deposed plaintiff for over six and a half hours and went through the entire list of 164 witnesses, inquiring at length about the knowledge each witness has regarding this case. On June 16, 2014, plaintiff also supplemented her response to Interrogatory No. 23, as requested by defendants.

In their reply, defendants argue plaintiff's second supplemental initial Rule 26(a) disclosure is untimely and inadequate. Defendants assert that only 70 of the approximately 170 witnesses include the subject matter each witness is expected to testify on. Defendants argue that plaintiff knew of each and every witness listed in her supplemental disclosures since this case began, but did not timely supplement her disclosures. Defendants claim to be "severely prejudiced" because of plaintiff's late supplementation and characterize the timing of her supplementation as "suspect" since it was filed minutes prior to filing her response to defendants' motion to compel.[25] As a result, defendants assert they are not in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the discovery deadline expires in two days. If plaintiff is allowed to call the names listed in her initial disclosures and supplements thereto as witnesses at trial, defendants re-assert

---

[25] ECF doc. 69 at 5.

that they will be "severely prejudiced and will experience great surprise."[26]  Therefore, defendants ask the court to compel discovery of plaintiff's tax returns, disqualify plaintiff's witnesses listed in her "improper Rule 26 supplemental disclosures" and order expenses and fees be paid by plaintiff.[27]

Rule 37(c)(1) provides:

[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[28]  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.[29]  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[30]

---

[26] ECF doc. 69 at 9.

[27] *Id.*

[28] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

[29] *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

[30] *Id.* (citations omitted).

Assuming plaintiff's supplemental disclosures were untimely, the court is persuaded that this delay was harmless under the foregoing factors.  Although defendants claim to be prejudiced in that there is insufficient time to serve follow-up discovery and depose witnesses with only two days left in the discovery period, this "prejudice" is easily cured by the court extending the discovery deadline without interrupting the trial date of February 2, 2015.  While plaintiff provides no excuse for her alleged tardiness in supplementing her disclosures and plaintiff did so, only *after* defendants filed their motion to compel, the court is not convinced that plaintiff did so in bad faith.  Under these circumstances, the court denies defendants' request to "disqualify Plaintiff's witnesses listed in her [] Rule 26 supplemental disclosures."[31]  Defendants do not specify which witnesses they seek to disqualify.  To disqualify all of the witnesses listed in plaintiff's original and supplemental Rule 26 disclosures would be disproportionate and unnecessary.  However, plaintiff is ordered to supplement her disclosures to provide contact information and the subject matter every single witness is expected to testify to, without exception.[32]

Defendants also request that the court award them all expenses they have incurred in connection with this motion to compel and to issue sanctions against plaintiff.  Rule

---

[31] ECF doc. 69 at 9.

[32] Defendants assert in their reply brief that plaintiff supplemented her disclosures to provide the subject matter each witness is expected to testify for only 70 of the approximately 170 witnesses, not including large groups of people listed (ECF doc. 69 at 8).

37(a)(5)(C) of the Federal Rules of Civil Procedure allows a court to award a moving party fees and expenses [impose sanctions] where, as here, a motion to compel is granted in part and denied in part. Under that rule, the court may "apportion the reasonable expenses for the motion."[33]

After carefully considering the factual record and the arguments of counsel, the court finds an award of fees and expenses to be warranted. Although plaintiff took a reasonable position regarding the tax records, plaintiff appeared to misunderstand that the burden is upon the party resisting discovery, (i.e., plaintiff) to show the information requested is otherwise readily obtainable, which may explain her insistence on withholding the documents. With regard to the Rule 26 disclosures, plaintiff explains that she did not have addresses for all of the 164 witnesses listed in her disclosures. Counsel for plaintiff asserts that she kept defense counsel updated and told defendants that she was meeting with her client to narrow the witness list and to obtain further information regarding the knowledge held by each of the witnesses.

While it is good that plaintiff worked with defense counsel to keep them informed of her efforts to supplement her disclosures, it is not an adequate excuse for their untimely disclosure. Further, plaintiff fails to provide any reason at all for her delay in supplementing her response to Interrogatory No. 23 other than it's untrue (in her estimation) that defendants were prejudiced by this late supplementation. Although it

---

[33] Fed. R. Civ. P. 37(a)(5)(C).

appears plaintiff was willing to cooperate with defendants to resolve this dispute, the court agrees with defendants that it is questionable why these supplementations were unavailable until 11:37 p.m. on June 16, 2014—the day plaintiff's response was due to defendants' motion to compel.[34] This tardiness becomes even less excusable given the June 20, 2014 discovery deadline.

Given the foregoing, the court finds that a monetary sanction is appropriate. However, nothing in the record suggests *plaintiff* is responsible for the actions taken with respect to this issue. Therefore, plaintiff's *counsel* shall monetarily compensate defendants for costs and expenses, including attorneys' fees, incurred in connection with filing this motion to compel by **June 27, 2014**. The parties are strongly encouraged to confer and reach agreement on the amount of attorneys' fees plaintiff's counsel will pay to defendants in connection with this dispute. In the hopefully unlikely the parties cannot reach an agreement, by **June 27, 2014**, defendants shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained in regard to filing and briefing the motion to compel. Thereafter, plaintiff may, if necessary file a response to defendant's filing by **July 1, 2014**.

IT IS THEREFORE ORDERED:

1. Defendants' motion to compel **(ECF doc. 59)** is granted in part and denied in part. All discovery ordered produced herein shall be produced by **June 27, 2014.** The

---

[34] *See* ECF doc. 69-2.

discovery deadline is extended until **July 3, 2014.**  All other deadlines shall remain the same at this time.  If information disclosed in plaintiff's tax returns necessitates further discovery, defendants may move for an extension of the discovery deadline.

2. Defendants' request to disqualify all witnesses listed in plaintiff's Rule 26 supplemental disclosures is denied.

3. Defendants' request for sanctions is granted.  Plaintiff's counsel shall monetarily compensate defendants for cost and expenses, including attorneys' fees, incurred in connection with the filing of the instant motion to compel.  A receipt or certificate of payment shall be filed with this court by **June 27, 2014**.

IT IS SO ORDERED.

Dated June 23, 2014 at Kansas City, Kansas.

      s/ James P. O'Hara  
      James P. O'Hara  
      U. S. Magistrate Judge