UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA L. STEAD,

        Plaintiff,

v.                                        Case No. 13-1378-DDC

UNIFIED SCHOOL DISTRICT #259
Wichita Public Schools, SEDGWICK
COUNTY, KANSAS and
JOHN ALLISON,

        Defendants.

## ORDER

The defendants, Unified School District #259 and John Allison, have filed a fee application related to their recent motion to compel certain discovery from the plaintiff, Pamela L. Stead; defendants also seek fees incurred in connection with plaintiff's motion for reconsideration of the court's discovery ruling, even though this latter motion ultimately was withdrawn by plaintiff (**ECF doc. 91**).[1]   Plaintiff responds that defendants' fees for the motion to compel are unreasonable and should be reduced.[2] With respect to defendants' response to her motion to reconsider, plaintiff strangely argues defendants supposedly failed to adhere to the "safe harbor" provision contained in Fed. R. Civ. P. 11, and that therefore their request for the additional fees should be

---

[1] *See* ECF docs. 59-60, 69, and 82.

[2] ECF doc. 93.

denied.[3]  In their reply, defendants assert that they are only seeking fees pursuant to Fed. R. Civ. P. 37 and their requested fees are reasonable.[4]  For the first time, defendants also "request fees for preparation of the fee application and subsequent Reply," with a total fee requested of $6,547.50.[5]  For the reasons discussed below, defendants' motion is granted in part and denied in part.

## I.    Background

This case was filed on September 11, 2013 in the District Court of Sedgwick County, Kansas.[6]  Later, the case was removed to the United States District Court for the District of Kansas.[7]  On December 18, 2013, the undersigned U.S. Magistrate Judge, James P. O'Hara, held a scheduling conference with the parties and entered a scheduling order.[8]  The discovery deadline was set for May 9, 2014.  The parties were to serve their initial disclosures by December 23, 2013, and supplementation of those disclosures was due no later than 40 days before the close of discovery (i.e., March 31, 2014).

On May 5, 2014, defendants moved to amend the scheduling order to extend the deadlines for discovery, submission of a proposed pretrial order, the pretrial conference,

---

[3] *Id.*

[4] ECF doc. 94.

[5] *Id.*

[6] ECF doc. 1-1.

[7] ECF doc. 1.

[8] ECF doc. 6.

and rebuttal experts.[9]  In their motion, defendants asserted that plaintiff had not produced supplemental Rule 26(a) initial disclosures until May 1, 2014, and that supplementation did not include the address, phone number, or subject of testimony for each witness as required by Fed. R. Civ. P. 26(a)(1).[10]  Plaintiff agreed that deadlines should be extended, but requested longer extensions than those sought by defendants.[11]  The court entered an amended scheduling order extending the discovery deadline until June 20, 2014 and continuing the pretrial conference until July 14, 2014.[12]

On June 6, 2014, defendants filed a motion to compel plaintiff "to produce tax documents, correct her improper supplementation to her Rule 26 initial disclosures and to supplement discovery responses."[13]  Plaintiff responded that the tax returns were not discoverable and the supplementation of Rule 26(a)(1) disclosures and discovery responses had been completed.[14]

In their reply brief, defendants asserted that plaintiff had not supplemented her Rule 26(a) initial disclosures until less than thirty minutes prior to her deadline for filing her response to defendants' motion to compel and only four days prior to the close of

---

[9] ECF doc. 45.

[10] *Id.* at ¶f.

[11] ECF doc. 47.

[12] ECF doc. 49.

[13] ECF doc. 59.

[14] ECF doc. 67.

discovery.[15]   Defendants clarified that this supplementation "did provide the subject matter each witness is expected to testify on, but only as to 70 of the approximately 170 names not including the large groups of people … which appear in Plaintiff's First Supplemental Rule 26(a) Disclosures."[16]   Therefore, defendants asked for expenses and fees associated with drafting their motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A).

On June 23, 2014, the court entered an order granting in part and denying part defendants' motion to compel.[17]   Plaintiff was ordered to produce tax returns for 2012-2013, supplement her disclosures to provide contact information and the subject matter every single witness is expected to testify to, and monetarily compensate defendants for costs and expenses, including attorneys' fees, incurred in connection with filing the motion to compel by June 27, 2014.

One week later, plaintiff filed a motion for reconsideration, asking the court to reconsider its order directing plaintiff to produce tax returns and awarding fees and expenses.[18]   Plaintiff's counsel argued that this case does not warrant the award of fees and explained that the cause for her delay in supplementing discovery responses was

---

[15] ECF doc. 69.

[16] *Id.*

[17] ECF doc. 74.

[18] ECF doc. 77.

"essentially, that she was just too busy."[19]   On July 13, 2014, defendants filed their response to plaintiff's motion, re-arguing their points and asking for additional fees for responding to plaintiff's motion to reconsider because it was "unnecessary and unsupported by the law."[20]   On July 21, 2014, the court entered an order denying plaintiff's motion for reconsideration as moot because plaintiff had informally notified the court that she would like to withdraw said motion.[21]

After several attempts to resolve the dispute informally,[22] defendants filed a motion for attorney fees on July 30, 2014.[23]   The next day, the court entered an order in response to the various e-mails submitted by the parties' attorneys after the July 24, 2014 telephone conference.[24]   The court explained that it "has endeavored to be patient with plaintiff's counsel, who recently had some legitimate personal issues that caused some delay.  But still, this matter is dragging out in a way that's entirely inconsistent with Fed. R. Civ. P. 1."[25]   Therefore, the court ordered plaintiff to file her response to defendants'

---

[19] *Id.* at 7.

[20] ECF doc. 82 at 10.

[21] ECF doc. 86.

[22] On July 24, 2014, the court held a telephone status conference with the parties to discuss remaining issues.

[23] ECF doc. 91.

[24] ECF doc. 92.

[25] *Id.*

discovery-related fee application by August 1, 2014, with defendants' reply due by August 4, 2014.  On August 1, 2014, plaintiff filed her response to the instant motion and on August 4, 2014, defendants filed their reply.[26]

## II.     Motion to Compel

In their motion, defendants assert that per the court's order, they sent an accounting of attorney's fees to plaintiff on June 26, 2014.[27]  The next day, plaintiff's counsel advised defense counsel that she would tender a check for the full amount of attorney's fees requested ($3,348.00) but asked them to hold the check while she considered filing a motion to reconsider.  Defense counsel has and continues to hold the check without cashing it.  Defendants assert that they spent 24.8 hours preparing their motion to compel, the memorandum in support of their motion to compel, and their reply to plaintiff's response to their motion to compel.  In support, defendants provided detailed billing entries describing the time utilized to prepare the motion.[28]

In response, plaintiff argues that she does not take issue with defense counsel's hourly rate of $135; however, she states that the "number of hours [24.8] spent on a very straight forward motion to compel … is excessive."[29]  Without any meaningful support, plaintiff concludes that a reasonable amount for preparation of the motion to compel and

---

[26] *See* ECF docs. 93, 94.

[27] *See* ECF doc. 91-2.

[28] *See* ECF doc. 91-5.

[29] ECF doc. 93.

the reply would be half of the amount claimed, or $1,650.00.  Citing two Kansas *state* cases, plaintiff asserts that the absence of an express finding of bad faith requires that the award be set aside and insists that her good faith is relevant to the award of sanctions imposed.[30]

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel is granted, or if the disclosure or requested discovery is provided *after* the motion was filed, the court *must* order the party whose conduct necessitated the motion to pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees," *unless* (1) the movant failed to confer with the non-moving party before filing the motion, (2) the non-moving party's discovery position was "substantially justified," or (3) "other circumstances made an award of expenses unjust."  Here, none of the three above-referenced exceptions to the general rule allowing fees on a discovery-related motion are applicable.  With respect to defendants' motion to compel, the *only* issue before the court is the reasonableness of the requested fees.  And since plaintiff's counsel acknowledges (and the court agrees) that defense counsel's hourly rate is reasonable, the only question that remains is whether the number of hours spent on the motion is reasonable.

---

[30] *Id.* (citing *Larson Operating Co. v. Petroleum, Inc.*, 32 Kan. App. 2d 460, 85 P.3d 626 (2004); *Binyon v. Nesseth*, 7 Kan. App. 2d 110, 638 P.2d 946, *aff'd* 231 Kan. 381, 646 P.2d 1043 (1981)).

The court has reviewed the detailed billing entries submitted by defendants' attorneys and finds that the number of hours defense counsel spent is reasonable. Defendants drafted three documents in connection with the motion to compel—a two-page motion to compel (ECF doc. 59), an eleven-page memorandum in support (ECF doc. 60), and an eleven-page reply brief (ECF doc. 69).  The memorandum in support of their motion to compel also included sixteen exhibits.  In drafting their motion to compel, defense counsel addressed three separate issues: (1) the production of tax returns; (2) the supplementation of initial disclosures; and (3) the supplementation of plaintiff's response to Interrogatory No. 23.  Plaintiff then filed a twelve-page response brief, which defendants had to review, research, and file a reply.  As evidenced by the detailed billing entries regarding the motion to compel, the hours spent working on it were not redundant or excessive and appear to be reasonable and necessary in light of the briefs filed. Plaintiff provides no support for her calculation of $1,650.00 as a reasonable amount of time to spend on the motion to compel other than randomly selecting one-half to multiply times the actual amount of time spent.  In consideration of the foregoing, defendants' request is granted.  The court awards defendants their fee of $3,348.00 (24.8 hours x $135/hour) for the time spent preparing their motion to compel.

## II.    Motion to Reconsider

In their motion, defendants also request the attorney's fees incurred to review and draft a response to plaintiff's motion to reconsider.  Although plaintiff ultimately withdrew her motion to reconsider, defendants argue this was only *after* they drafted and

filed their response to that motion.  Defendants submitted a detailed accounting, which shows that defense counsel spent 15.9 hours reviewing and preparing their response. Therefore, defendants ask for an additional $2,146.50 in fees (15.9 hours x $135/hour).

In support of their request, defendants quote *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1254, 1254 (10th Cir. 1998), in which the Tenth Circuit held: "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."  Defendants argue that "because our courts are willing to go so far as to allow additional fees in preparation of a fee application (i.e., the present document) an award for fees associated with a response motion to a motion to reconsider an order on a motion to compel would logically follow."[31]  Defendants cite no other authority on point in support of this request.

Plaintiff responds that the court should apply Fed. R. Civ. P. 11 in deciding whether to award fees associated with the motion to reconsider.  Because the "safe harbor" provision of Rule 11 allows a motion for sanctions to be filed only if the motion has been served upon opposing counsel twenty-one days prior unless the challenged paper is withdrawn or corrected, plaintiff argues the court should adhere to a similar "safe harbor" concept here and decline defendants' request for the added fees.  Plaintiff provides no additional support or authority for this suggestion.

---

[31] ECF doc. 91 at 6.

As defendants clarify, the present motion is a brought pursuant to Rule 37, not Rule 11.  Ultimately, the court finds both sides' arguments unpersuasive.  Neither side cited a single authority on point in support or against an award of fees under like circumstances.

In *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*,[32] the Ninth Circuit addressed the awarding of fees under Rule 37 with respect to a motion to reconsider.  The court found that "[a]lthough Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration."[33]  The court acknowledged that the Ninth Circuit had "foreclosed the application of Rule 37 sanctions … where a party's alleged discovery-related misconduct is not encompassed by the language of the rule."[34]  Therefore, the court concluded that a magistrate judge may not impose sanctions pursuant to Rule 37 for bringing the motion for reconsideration.[35]  Although the court further acknowledged that an award of sanctions for the motion for reconsideration may have been proper pursuant to Rule 11,

---

[32]55 F.3d 463 (9th Cir. 1995) *abrogated on other grounds by Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999) (overruled decision allowing immediate appeal by attorneys from orders imposing sanctions).

[33] *Telluride Mgmt. Solutions, Inc.*, 55 F.3d at 467.

[34] *Id.* (quoting *Unigard Sec. Ins. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)).

[35] *Id.*

only Rule 37 was identified as a basis for sanctions and regardless, proper notice was not provided pursuant to Rule 11.[36]

In consideration of the foregoing, the court finds no persuasive support for the imposition of sanctions for responding to plaintiff's motion for reconsideration. Therefore, defendants' request is denied.

## III.   Additional Fees

In the concluding paragraph of defendants' reply brief, defendants request "that the Court order additional fees for Defendants' preparation of this fee application."[37] While the court understands defendants' frustration with the repeated delays from plaintiff's counsel and the cost expended as a result thereof, the court is not inclined to award defendants' expenses associated with defendants' fee application.

Defendants had the opportunity to accept the offer from plaintiff's counsel for $3,348.00, the fees for the motion to compel, so long as defendants waived any remaining fees for their response to plaintiff's motion to reconsider.[38]   Defendants declined this offer, which would have avoided the additional lengthy motion practice currently before the court.   Because the court has found an award of fees with respect to the motion to reconsider inappropriate—the very issue that necessitated the current motion, the court

---

[36] *Id.*

[37] ECF doc. 91 at 7.

[38] ECF doc. 91-4.

finds no basis to award defendants additional fees for the costs of preparing this motion. Therefore, defendants' request for additional fees is denied.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Defendants' fee application is granted in part and denied in part.

2.      Plaintiff's counsel shall pay defendants the reasonable fee of $3,348.00 for the time defense counsel spent drafting the motion to compel and supporting documents. Defendants may proceed to cash the check previously delivered by plaintiff's counsel in said amount.

3.      Defendants' request for an award of fees for $2,146.50, the time spent in responding to plaintiff's motion to reconsider, is denied.

4.      Defendants' request for an award of fees for $1,053.00, the time spent in preparing the fee application and subsequent reply, is denied.

Dated August 6, 2014 at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge